UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND,

Plaintiffs,

v.

RIVER ALLIANCE, INC., an Illinois corporation,

Defendant.

**COMPLAINT**

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND ("Pension Fund"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND ("Welfare Fund"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trainee Fund"), the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("Labor/Management Fund) and their respective trustees (hereinafter collectively the "Trust Funds"), by their attorney Kevin P. McJessy, complain of Defendant RIVER ALLIANCE, INC., a Illinois corporation ("Defendant") as follows.

**SUMMARY OF THIS ACTION**

1. The Trust Funds bring this action against the Defendant under ERISA because Defendant failed to produce books and records to the Trust Funds or their designated auditors, Legacy Professionals, LLP ("Legacy Professionals") sufficient for an accurate audit of

Defendant's fringe benefit contributions for the period June 1, 2015 through the present ("Audit Period") and/or because Defendant failed to pay amounts owed to the Trust Funds pursuant to the Area Agreement and the Trust Agreements for the Audit Period. The Trust Funds seek production of books and records from Defendant for an audit of Defendant's fringe benefit contributions due for the Audit Period and payment of all unpaid fringe benefit contributions, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

2. This Court has jurisdiction over this matter based on questions arising under §502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and §301 of the Taft-Hartley Act. (29 U.S.C. §§ 1132 and 185).

## VENUE

3. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans which are located in and administered in Chicago, Illinois.

## THE PARTIES

4. **The Trust Funds.** The Trust Funds receive contributions from numerous employers pursuant to the Area Agreement ("Area Agreement") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters (hereinafter referred to as the "Union") and therefore are multi-employer plans. (29 U.S.C. §1002).

5. The Trust Funds collect contributions on their own behalf and on behalf of related funds which have charged the Trust Funds with the obligation to collect contributions.

6. The Trust Funds then use the contributions to provide medical, pension, training and other benefits to Union carpenters and other persons.

7. **Defendant.** Defendant is an Illinois corporation engaged in an industry affecting commerce.

8. Defendant signed a Memorandum of Agreement ("Agreement") with the Union on June 1, 2015. A copy of the Agreement is attached as Exhibit A.

9. Pursuant to the Agreement, Defendant agreed to be bound by the Area Agreements, by the terms of the trust agreements establishing each of the Trust Funds, and by the rules and regulations adopted by the Trustees of each of the Trust Funds. The Agreement, the Area Agreements, the trust agreements and the rules and regulations adopted by the Trustees of each of the Trust Funds are hereinafter collectively referred to as "Agreements."

**GENERAL ALLEGATIONS**

10. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to maintain books and records sufficient for the Trust Funds or their designees to determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds.

11. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to produce such books and records to the Trust Funds or their designees so that the Trust Funds or their designees can determine whether Defendant has accurately reported and paid contributions Defendant owes to the Trust Funds.

12. The Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's employees performing jurisdictional work.

13. The Agreements prohibit the employer from subcontracting jurisdictional work to nonunion subcontractors for work performed at a jobsite.

14. The Area Agreement provides that if Defendant subcontracts jurisdictional work to a subcontractor who is not signatory to the Area Agreement, then Defendant shall require the

subcontractor to be bound by the terms of the Area Agreement or Defendant shall maintain daily records of the subcontractor's employees and pay contributions to the Trust Funds for the hours worked by the subcontractor's employees.

15. At the Trust Funds' direction on or about March 1, 2016, the independent auditing firm Legacy Professionals attempted to conduct an audit of Defendant's books and records for the Audit Period. Although Defendant initially produced limited records, Defendant failed to comply with Legacy Professionals' demands that Defendant produce records necessary for Legacy Professionals to perform an audit of Defendant's fringe benefit contributions to the Trust Funds for the Audit Period in accordance with Legacy Professionals' engagement.

16. On August 18, 2016, the Trust Funds, through counsel, demanded that Defendant produce the records requested by Legacy Professionals. By letter dated September 7, 2016, Defendant, through counsel, responded that in Defendant's view, it "has provided more than sufficient documentation necessary to perform and complete the compliance audit." Moreover, Defendant stated that it was "hereby demanding that an audit be completed and a finding issued." However, Defendant refused to produce the records requested by Legacy Professionals for the audit.

17. Legacy Professionals subsequently returned the audit engagement to the Trust Funds with a finding of "No Audit/No Cooperation" because Defendant refused to provide the requested records. A copy of the audit findings were provided to Defendant, through counsel, on October 7, 2016 along with a final demand that Defendant produce the records necessary for Legacy Professionals to complete its engagement before October 14, 2016. A copy of Legacy Professional's record request was also included. Defendant failed to comply with the Trust Funds' demand that Defendant comply with Legacy Professionals' demands that Defendant

produce records necessary for the audit of Defendant's fringe benefit contributions to the Trust Funds for the Audit Period.

## COUNT I

18. The Pension Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

19. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Pension Fund to complete an accurate audit of Defendant's contributions to the Pension Fund after the Pension Fund or auditors engaged on its behalf demanded production of such records for an audit and/or by failing to pay all amounts owed to the Pension Fund for the Audit Period.

20. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

21. The Pension Fund has complied with all conditions precedent in bringing this suit.

22. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund and/or to compel production of all books and records necessary for an audit.

23. Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

24. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount that is due.

25. This Court should award the Pension Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in its favor which orders Defendant:

A. to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

B. to pay any and all contribution amounts the Defendant owes the Pension Fund or which the Pension Fund is responsible for collecting or authorized to collect under the Agreements;

C. to pay interest on the amount that is due;

D. to pay interest or liquidated damages on the amount that is due;

E. to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action;

F. to pay auditors' fees incurred to establish the amount due; and

G. to award the Pension Fund such other and further relief as the Court deems just and equitable.

## COUNT II

26. The Welfare Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

27. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Welfare Fund to complete an accurate audit of Defendant's contributions to the Welfare Fund after the Welfare Fund or auditors engaged on its behalf demanded production of such records for an audit and/or by failing to pay all amounts owed to the Welfare Fund for the Audit Period.

28. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

29. The Welfare Fund has complied with all conditions precedent in bringing this suit.

30. The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund and/or to compel production of all books and records necessary for an audit.

31. Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

32. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

33. This Court should award the Welfare Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendant:

A. to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

B. to pay any and all contribution amounts the Defendant owes the Welfare Fund or which the Welfare Fund is responsible for collecting or authorized to collect under the Agreements;

C. to pay interest on the amount that is due;

D. to pay interest or liquidated damages on the amount that is due;

E. to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action;

F. to pay auditors' fees incurred to establish the amount due; and

G. to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## COUNT III

34. The Trainee Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

35. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Trainee Fund to complete an accurate audit of Defendant's contributions to the Trainee Fund after the Trainee Fund or auditors engaged on its behalf demanded production of such records for an audit and/or by failing to pay all amounts owed to the Trainee Fund for the Audit Period.

36. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

37. The Trainee Fund has complied with all conditions precedent in bringing this suit.

38. The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund and/or to compel production of all books and records necessary for an audit.

39. Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

40. This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

41. This Court should award the Trainee Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

A. to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

B. to pay any and all contribution amounts the Defendant owes the Trainee Fund or which the Trainee Fund is responsible for collecting or authorized to collect under the Agreements

C. to pay interest on the amount that is due;

D. to pay interest or liquidated damages on the amount that is due;

E. to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action;

F. to pay auditors' fees incurred to establish the amount due; and

G. to award the Trainee Fund such other and further relief as the Court deems just and equitable.

**COUNT IV**

42. The Labor/Management Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

43. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Labor/Management Fund to complete an accurate audit of Defendant's contributions to the Labor/Management after the Labor/Management or auditors engaged on its behalf demanded production of such records for

an audit and/or by failing to pay all amounts owed to the Labor/Management Fund for the Audit Period.

44. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

45. The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

46. The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund and/or to compel production of all books and records necessary for an audit..

47. Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. §1132(g)(1) and/or §1132(g)(2)(D).

48. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(B), interest on the amount due.

49. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. §1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendant:

A. to produce books and records required by the Trust Funds' designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

B. to pay any and all contribution amounts the Defendant owes the Labor/Management Fund or which the Labor/Management Fund is responsible for collecting or authorized to collect under the Agreements;

C. to pay interest on the amount that is due;

D. to pay interest or liquidated damages on the amount that is due;

E. to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action;

F. to pay auditors' fees incurred to establish the amount due; and

G. to award the Labor/Management Fund such other and further relief as the Court deems just and equitable.

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND *et al.*

By: s/ Kevin P. McJessy
One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com

# Exhibit A

# ***Memorandum of Agreement***

**Employer** RIVER ALLIANCE, INC. **Address:** 10 N. MARTINGALE ROAD #400
**City** SCHAUMBURG **State** IL **Zip** 60173 **PHONE** 708-510-5764

THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in Illinois: Boone, Bureau, Carroll, Cook, De Kalb, DuPage, Grundy, Henderson, Henry, Iroquois, Jo Daviess, Kane, Kankakee, Kendall, Lake, La Salle, Lee, Marshall, McHenry, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, Will, Winnebago. The following counties in Iowa: Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth, Wright. The following counties in Wisconsin: Kenosha, Milwaukee, Ozaukee, Racine, Washington and Waukesha. The Union and the Employer do hereby agree to the following:

1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union.

2. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

3. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters and various employers and employer associations, including all Area Agreements for the period beginning with the execution of this Memorandum Agreement and ending on the expiration dates of any current and successor Agreements which are incorporated herein (see attached list). Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent Agreements which are incorporated by reference.

4. The Employer agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the Agreements incorporated in Paragraph 3, including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this **1st** day of **June, 2015.**

**EMPLOYER**

[signature]

THOMAS BURKE, VP
Print Name and Title

**CHICAGO REGIONAL COUNCIL OF CARPENTERS**

[signature]

Authorized Regional Council Representative

# Agreements

(Central Region)

Mid American Regional Bargaining Association, Cook, Lake and DuPage
Mid American Regional Bargaining Association, Kane, Kendall and McHenry
Mid American Regional Bargaining Association, Will
Kankakee Contractors Association
Residential Construction Employers Council, Cook, Lake and DuPage
Residential Construction Employers Council, Will
Residential Construction Employers Council, Grundy
Woodworkers Association of Chicago (Mill-Cabinet)
Contractors Association of Will and Grundy Counties
Gypsum Drywall Contractors of Northern Illinois/Chicagoland Association of Wall and Ceiling Contractors

(Western Region)

Illinois

Quad City Builders Association, Commercial, Rock Island Mercer, Henry and Henderson
Floor Covering, Rock Island, Mercer, Henry and Henderson
Residential, Henry, Mercer and Henderson
Illinois Valley Contractors' Association, Bureau, LaSalle, Marshall, Putnam and Stark
Window and Door, Boone, Bureau, Carroll, DeKalb, Henderson, Henry, Jo Daviess, LaSalle, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside and Winnebago
Commercial/Residential, DeKalb, Eastern Ogle and cities in Sandwhich and Somonauk
Residential Construction Employers' Council, DeKalb, Eastern Ogle and cities in Sandwich and Somonauk
Residential Construction Employers' Council, Boone, Carroll, Jo Daviess, Lee, Ogle, Stephenson, Whiteside and Winnebago
Northern Illinois Building Contractors Association Inc., Boone, Carroll, Jo Davies, Lee, Ogle, Stephenson, Whiteside and Winnebago
Floor Covering, Boone, Carroll, DeKalb, Jo Daviess, Lee, Lee, Ogle, Stephenson, Whiteside and Winnebago
Millwright, Boone, Bureau, Carroll, DeKalb, Henderson, Jo Davies, LaSalle, Lee, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, and Winnebago
Associated General Contractors of Illinois (Heavy and Highway) Highway Districts 2-7 and portions of 1 and 8

Iowa

Commercial, Muscatine, Scott, Louisa north of Iowa River
Floorcovering, Louisa north of Iowa River, Muscatine and Scott
Residential, Clinton, Louisa, Muscatine, Scott and Seven southern most townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa and Union
Heavy and Highway Associated Contractors Agreement Scott County
Herberger Construction Heavy and Highway
Heavy and Highway Contractors' Association- entire State except Scott County
Commercial Benton, Jones, Linn and Tama
Residential Benton, Jones, Linn and Tama
Commercial, Des Moines, Henry, Lee and Louisa south of Iowa River
Residential, Des Moines, Henry, Lee and Louisa south of Iowa River

Commercial/Residential Dubuque, Delaware, Clayton, and Six Northern Townships in Jackson
Commercial/Residential, Appanoose, Davis, Jefferson, Keokuk, Mahaska, Monroe, Van Buren, Wapello, and Wayne
Commercial, Clinton, Seven Southern most townships of Jackson including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and Union
Floor Covering, Dubuque, Delaware, Clayton, and six Northern Townships in Jackson Window and Door, State
Commercial, Cedar, Iowa, Johnson, Poweshiek and Washington
Commercial Interior Systems, Cedar, Iowa, Johnson, Poweshiek and Washington
Residential, Cedar, Iowa, Johnson, Poweshiek and Washington
Commercial, Cerro Gordo, Franklin, Hancock, Kossuth, Winnebago, Worth and Wright, Buchanan, Independent Contractors of Waterloo (Commercial) Butler, Chickasaw, Fayette, Floyd, Grundy, Howard, Mitchell, Winneshiek
Millwright, Adair, Allamakee, Appanoose, Benton, Black Hawk, Boone, Bremer, Buchanan, Butler, Cedar, Calhoun, Carroll, Cerro Gordo, Chickasaw, Clayton, Clarke, Clinton, Dallas, Davis, Decatur, Delaware, Des Moines, Dubuque, Emmet, Fayette, Floyd, Franklin, Greene, Grundy, Guthrie, Hamilton, Hancock, Hardin, Henry, Howard, Humboldt, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Keokuk, Lee, Linn, Lucas, Louisa, Madison, Mahaska, Marion, Marshall, Mitchell, Monroe, Muscatine, Palo Alto, Pocahontas, Polk, Poweshiek, Ringhold, Scott, Story, Tama, Union, Van Buren, Warren, Wapello, Washington, Wayne, Webster, Winnebago, Winneshiek, Worth, Wright

(Northern Region)

Commercial Carpenters and Floor Coverers' Agreement (Wisconsin)
Commercial Carpenters Agreement, Kenosha/Racine
Millwright Erectors' Agreement
Pile Drivers' Agreement
Insulators Agreement
Overhead Door Agreement

The Employers Acknowledges receipt of a current copy of each agreement under which the company will be performing work. Each of the agreements are available upon request

It is also understood and agreed that it is the Employers obligation to make a written request of additional Collective Bargaining Agreement(s) in the event that the Company performs work in areas for which it has not already obtained a copy of the applicable Agreement.

RIVER ALLIANCE, INC
Employer [signature]

Date 7/1/15